UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
MATILDE FLORES HAMILTON,
aka Tillie Hamilton,
    Debtor.                                              No. 13-12-13225 TL

**AMENDED (to correct "entered on docket date")**
**MEMORANDUM OPINION ON WELLS FARGO NATIONAL**
**BANK, N.A.'S MOTION FOR RELIEF FROM ORDER**
**GRANTING MOTION FOR VALUATION OF COLLATERAL**

On December 28, 2012, this Court entered an Order Granting Motion for Valuation of Collateral secured to Wells Fargo Bank, N.A. (doc 31)("Motion"). On January 8, 2013 Wells Fargo Bank, N.A. ("Wells Fargo") filed its Motion for Relief from that order, through its attorney the Castle Law Group, LLC (LeNatria Holly Jurist)(doc 34). Debtor filed a response on January 22, 2012 through her attorney Peter A. Keys (doc 37). For the reasons set forth below, the Court finds that it must set aside the Valuation Order and consider the Motion for Valuation on its merits.

The Court conducted a preliminary hearing on confirmation and the Motion on February 12, 2013 and issued both a Scheduling Order (doc 39) and an Amended[1] Scheduling Order (doc 40) on February 14, 2013. The Amended Scheduling Order set a final hearing on Wells Fargo's Motion for March 22, 2013 at 9:00 a.m. on a trailing docket, to be held at both the Albuquerque and Las Cruces Courthouses, by video-conference.

Debtor filed an amended response on February 15, 2013 (doc 42). Several days later, counsel for the parties contacted the Court's law clerk to inform the Court that the parties believed their positions were adequately stated in their papers and that their preference would be

---

[1]The original Scheduling Order had an incorrect "entered on docket" date that the Amended Scheduling Order corrected. No other changes were made.

for the Court to decide the Motion without further evidence or argument. The Court then reviewed the docket and related filings and agreed to issue an opinion without hearing. This is a core proceeding. 28 U.S.C. §§ 157(b)(2)(A), (K), and/or (L).

**PROCEEDINGS TO THIS POINT**

Debtor filed her voluntary Chapter 13 petition in this Court on August 27, 2012 (doc 1). She lists her street address as #6 Cerro Street, Hanover, NM 88041. The first meeting of creditors was set for September 27, 2012 in Las Cruces, New Mexico and the notice provided that the deadline to file claims for non-governmental creditors was 90 days after that date. On August 31, 2012 Wells Fargo filed a Request for Notice (doc 7). On August 31, 2012 the Clerk entered Wells Fargo on the Parties list for this case, and listed notice to be sent to LeNatria Holly Jurist of The Castle Law Group, LLC at the location specified on the notice. On September 1, 2012 Elizabeth Mason (of the same law firm) of the same address was also added as representing Wells Fargo.

Debtor sought and obtained an extension of time to file her Statements, Schedules, and Chapter 13 Plan (docs 8, 9). On September 20, 2012 she filed her Schedules and Statement of Financial Affairs (doc 10) and Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income (doc 11) and Chapter 13 Plan (doc 12). Her Schedule A lists a property she owns at 1517 North Virginia Street, Silver City, NM 88061 with a value of $12,224.00 and secured by a claim of $35,340.00. Schedule A had no other entries. Her Schedule D listed two secured creditors for the North Virginia Street property: 1) Elizabeth Mason (Wells Fargo's attorney) at the correct address, and 2) Wells Fargo at Post Office Box 14547, Des Moines, IA 50306. Both of these names appear on the mailing matrix for this case.

Schedule D also lists the amount of the claim at $35,340.00 and the Debtor's value of $12,2254.00. Page 14 of her Statement of Financial Affairs, item 4, lists a pending lawsuit captioned *Wells Fargo Bank, N.A. v. Hamilton*, CV 2010-351, Sixth Judicial District, Grant County, New Mexico. She listed the status of the lawsuit as "default judgment in favor of Plaintiff, pending sale 3-8-12." The Chapter 13 Plan, ¶ 4.4, Treatment of Claims, states that the claim of Wells Fargo will be bifurcated and the value of $12,224.00 will be paid by the chapter 13 trustee through the plan with a 4% interest rate and the balance of the claim will be treated as a non-priority secured claim. The collateral is stated to be 1517 Virginia Street, Silver City, NM.

On September 20, 2012 Debtor sent the Notice of Deadline for Filing Objections to Confirmation of Chapter 13 Plan (doc 13), calling for objections to be filed within 28 days of the date of service, which was listed as September 20, 2012. The Certificate of Service attached to the Notice states that it was mailed to parties as shown on the mailing list attached to the original of the notice; no such list was attached to the Court's file.

Also on September 20, 2012 Debtor filed a Motion for Valuation of 1517 Virginia Street, Silver City, New Mexico, asking the Court to value the property at $12,244.00 (doc 14). The Motion's Certificate of Service recites service by first class mail, postage prepaid, on the Trustee at the proper address, Elizabeth Mason at the proper street address but incorrect suite number, and on John G. Stumpf, CEO, Wells Fargo, P.O. Box 14547, Des Moines, IA 50306[2]. Shortly after filing the valuation motion, Debtor filed a Notice of Deadline for Filing Objections to Motion for Valuation of Collateral Held by Wells Fargo (doc 15). The Notice's Certificate of

---

[2]Nowhere in the papers does Wells Fargo argue that this is not the correct address.

Service recites service by first class mail postage prepaid on the Trustee at the proper address, Elizabeth Mason at the proper street address but incorrect suite number, and on John G. Stumpf, CEO, Wells Fargo, P.O. Box 14547, Des Moines, IA 50306.

The Chapter 13 Trustee held and concluded the first meeting of creditors on September 27, 2012. (Unnumbered docket entry on October 1, 2012). On October 4, 2012 the Trustee filed an objection to confirmation (doc 18). No other creditors or parties in interest timely filed objections to confirmation or to the Motion for Valuation.

After the deadline for filing objections to the Motion for Valuation, Debtor's attorney submitted an Order Granting the Motion for Valuation. The order was rejected and returned to the attorney. On December 19, 2012 the attorney filed an Amended Motion for Valuation and Amended Notice of Objection deadline (docs 29, 30). Debtor's attorney then telephoned Chambers to inquire why the original order was not entered, and he was instructed to resubmit it. He did, and on December 28, 2012 after reviewing the file, the Court entered the Order Granting Motion for Valuation[3] (doc 31). Debtor's attorney then withdrew the Amended Motion for Valuation (doc 32).

## WELLS FARGO BANK, N.A.'S MOTION

Wells Fargo Bank, N.A.'s Motion states that it is based on Fed.R.Civ.P. 60(b)(1) and (6). Those rules provide:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

---

[3] It was only during the preparation of this Memorandum Opinion that the Court discovered that the incorrect suite number was on the mailed motion and notice. Neither party made reference to this fact in their papers.

Page -4-

Case 12-13225-t13    Doc 48    Filed 03/19/13    Entered 03/19/13 09:31:39 Page 4 of 8

>   (1) mistake, inadvertence, surprise, or excusable neglect;
>   ...; or
>   (6) any other reason that justifies relief.

The Motion, ¶ 4, alleges that "Creditor," defined above as Wells Fargo Bank, N.A., has no record of having received the Motion for Valuation. The Motion also recites that, upon information and belief, the property's value far exceeds $12,224.00. The Motion then states that on December 20, 2012 Creditor received notice that an Amended Motion was filed, and Creditor was prepared to file a timely objection. Wells Fargo then argues that pursuant to Rules 60(b)(1) and (6) the Court may relieve a party from an order for mistake, inadvertence, surprise, excusable neglect, or for any other reason that justifies relief. "Given the questions surrounding receipt of

the initial Motion for Valuation; the fact that Debtor has provided no documentation in support of a value of $12, 224.00; and the reasonable expectation that Creditor would have an opportunity to respond to the Amended Motion for Valuation, Creditor is requesting relief from the Order, entered December 28, 2012."

## **DEBTOR'S RESPONSE**

Debtor's original response (doc 34) admits the execution of the note and mortgage and its recording in the county records, and denies the other allegations. The Amended Response (doc 42) emphasizes that the property is not Debtor's primary residence and emphasizes that the withdrawal of the amended motion for valuation did not deprive Wells Fargo with an opportunity to respond. In fact, Wells Fargo was already in default. Finally, Debtor argues that a slight delay in the entry of the Order was not relevant, as Wells Fargo was already in default.

## **OTHER FINDINGS**

The Court's electronic filing system keeps a record of email transmissions of documents to parties and attorneys. LeNatria Holly Jurist entered an appearance for the Castle Group, LLC in this bankruptcy on August 31, 2013, even before the Statements and Schedules were filed (doc 7). After that point, every document filed in the case was electronically transmitted to the two email addresses she listed in her registration with the filing system. Reference to those records shows that all filings after August 31, 2012 were in fact emailed to her. Docket entries 8 and 9 were emailed to ljurist@cmsls.com and ersmith@cmsatty.com. Docket entry 10 and all subsequent entries were emailed to ljurist@cmsls.com and hwagner@cmsatty.com.

Wells Fargo Bank, N.A. is an insured depository institution as defined in section 3 of the Federal Deposit Insurance Act, 12 U.S.C. § 1813(c)(2). *See* http://research.fdic.gov/bankfind/results.html?name=Wells+Fargo+Bank%2C+N.A.&fdic=&address=&city=&state=&zip= (last visited March 15, 2013).

## RELEVANT RULES

A motion for valuation of security is authorized by Fed.R.Bankr.P. 3012:

**Rule 3012. Valuation of Security**
The court may determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any party in interest and after a hearing on notice to the holder of the secured claim and any other entity as the court may direct.

It is therefore a "contested matter" governed by Fed.R.Bankr.P. 9014. *See In re Millspaugh*, 302 B.R. 90, 98 (Bankr. D. Idaho 2003)("Valuation is a contested matter initiated by motion pursuant to Rule 3012.")(Footnote omitted.)

Rule 9014 provides, in relevant part:

**Rule 9014. Contested Matters**

> (a) **Motion.** In a contested matter not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought. No response is required under this rule unless the court directs otherwise.
> (b) **Service.** The motion shall be served in the manner provided for service of a summons and complaint by Rule 7004. Any paper served after the motion shall be served in the manner provided by Rule 5(b) F.R.Civ.P.

Rule 7004 states, in relevant part:

> **Rule 7004. Process; Service of Summons, Complaint**
> ...
> **(h) Service of process on an insured depository institution**
> Service on an insured depository institution (as defined in section 3 of the Federal Deposit Insurance Act) in a contested matter or adversary proceeding shall be made by certified mail addressed to an officer of the institution unless--
> (1) the institution has appeared by its attorney, in which case the attorney shall be served by first class mail;
> (2) the court orders otherwise after service upon the institution by certified mail of notice of an application to permit service on the institution by first class mail sent to an officer of the institution designated by the institution; or
> (3) the institution has waived in writing its entitlement to service by certified mail by designating an officer to receive service.

## ANALYSIS

Debtor's Motion for Valuation is a contested matter, and therefore the original motion had to be served under Rule 7004 as if it were a summons and complaint. Both the motion and the notice of objection deadline were mailed, first class mail, to: 1) a specific Wells Fargo bank officer, 2) to Wells Fargo's attorney at an incorrect suite number, and 3) the Chapter 13 Trustee. We also know that one of Wells Fargo's attorneys received emails with links to the documents. This service does not meet the requirements of Rule 7004(h). First, the mailing to the bank officer had to be by certified mail. Second, because Wells Fargo had appeared by an attorney, first class mail service would have been sufficient, but the wrong address was used. Third, although the Court's records show that another Wells Fargo attorney received the motion and

notice, it was by electronic means, which is not an acceptable method of service under Rule 7004(h).

In conclusion, because service was not done as required by Bankruptcy Rule 7004(h), the Court finds grounds to set aside the Order Valuing Collateral. An order will be entered that sets aside the order.

/s/ David T. Thuma

Honorable David T. Thuma
United States Bankruptcy Judge

Date entered on docket: Mar 19, 2013

Copies to:

Peter A Keys
Attorney for Debtor
504 East 32nd Street
Silver City, NM 88061-6518

Kelley L. Skehen
Chapter 13 Trustee
625 Silver Avenue SW
Suite 350
Albuquerque, NM 87102-3111

LeNatria Holly Jurist
The Castle Law Group, LLC
Attorney for Wells Fargo Bank, N.A.
20 First Plaza NW, Suite 602
Albuquerque, NM 87102